Wang v. Lynch

BIA
Balasquide, IJ
A087 797 661

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> BARRINGTON D. PARKER,
> DENNY CHIN,
> > *Circuit Judges.*

_____

JIA WEN WANG,
> *Petitioner,*

> v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

13-3851
NAC

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:                    Stuart F. Delery, Assistant
                                   Attorney General; Jamie M.
                                   Dowd, Senior Litigation
                                   Counsel; Joanna L. Watson,
                                   Trial Attorney; Office of
                                   Immigration Litigation, U.S.
                                   Department of Justice,
                                   Washington, D.c.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jia Wen Wang, a native and citizen of China, seeks review of a September 18, 2013, decision of the BIA affirming an October 31, 2011, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Wen Wang*, No. A087 797 661 (B.I.A. Sept. 18, 2013), *aff'g* No. A087 797 661 (Immig. Ct. N.Y. City Oct. 31, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards

2

of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications, like Wang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167. "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the IJ's finding that Wang was not credible.

The IJ's credibility determination was properly based on inconsistencies between Wang's testimony and that of his witness about photographs showing them practicing Falun Gong. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Wang and his witness gave

3

differing testimony as to when the photographs were taken, by whom, and with what camera. They gave different dates, one in 2010 and one in 2011. And, although Wang said his witness gave him the photographs, the witness denied ever seeing them.

The IJ's credibility determination was also properly based on the fact that neither Wang's personal statement nor his father's letter mentioned that Wang was required to report to the police after his arrest. *Xiu Xia Lin*, 534 F.3d at 166 n.3 (providing that omissions are "functionally equivalent" to inconsistencies for the purpose of assessing credibility); *id.* at 167 (explaining that omission of fact from a family member's letter "could have reasonably convinced the IJ that [the] story of persecution was fabricated."). The IJ was not required to accept Wang's explanation—that the single incident in which he reported to the police was too insignificant to share with others—because the reporting requirement stemmed directly from his arrest and beating, and he considered it worth discussing at the hearing. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that agency need not credit applicant's explanations for inconsistent testimony unless those explanations would compel reasonable fact-finder to do so).

4

These inconsistencies provide substantial support for the IJ's adverse credibility determination, particularly because they call into question whether Wang is a Falun Gong practitioner or suffered the alleged persecution. Wang's argument that the inconsistencies are too insignificant is misplaced. The REAL ID Act allows the agency to base a credibility finding on "any inconsistency," and here, the totality of the circumstances supports the agency's conclusion because the inconsistencies call into question whether Wang even practices Falun Gong. *See Xiu Xia Lin*, 534 F.3d at 167.

Contrary to Wang's argument, the IJ was not required to give the photographs only limited evidentiary weight in light of the inconsistent testimony between Wang and his witness. The inconsistencies bear on credibility because they raise the issue of whether the photographs were staged, and in turn, whether Wang actually practices Falun Gong. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (relying on the "maxim of *falsus in uno, falsus in omnibus* [false in one thing, false in everything]" to hold that once single document is shown to be false, IJ is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight

upon [applicant's] veracity"); *see also Xiu Xia Lin*, 534 F.3d at 167 (holding that agency may rely on any inconsistency). The inconsistencies therefore infect the entirety of Wang's claim. *Siewe*, 480 F.3d at 170 ("[A] single false document or a single instance of false testimony may . . . infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Because the only evidence of a threat to Wang's life or freedom relied on his credibility, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6